UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3410

UNITED STATES OF AMERICA

v.

HECTOR SOTO,

                              Appellant.

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cr-00140)
District Judge: Honorable Gregory M. Sleet

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2008

Before: McKEE, FUENTES, and WEIS, <u>Circuit Judges</u>.

JUDGMENT

      This case came to be considered on the record from the United States District

Court for the District of Delaware and was submitted under the Third Circuit L.A.R.

34.1(a) on July 25, 2008.

    On consideration thereof, it is now ORDERED and ADJUDGED that the motion to withdraw as appellate counsel be and the same is hereby GRANTED. The judgment of the District Court entered on August 7, 2007 is hereby AFFIRMED. All of the above is in accordance with the opinion of the Court.

ATTEST:

    /s/ Marcia M. Waldron
           Clerk

Dated: 31 July 2008

**Certified as a true copy and issued in lieu of a formal mandate on**   07/25/2008

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3410

UNITED STATES OF AMERICA

v.

HECTOR SOTO,

                      Appellant.

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cr-00140)
District Judge: Honorable Gregory M. Sleet

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2008

Before: McKEE, FUENTES, and WEIS, Circuit Judges.

(Opinion Filed: July 31, 2008)

OPINION OF THE COURT

FUENTES, Circuit Judge:

- 1 -

Hector Soto was sentenced to 77 months' imprisonment, three years of supervised release and a special assessment of $100 after pleading guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Soto filed a timely notice of appeal, after which his counsel filed a motion to withdraw accompanied by a brief arguing that there are no non-frivolous issues for appeal. See Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we grant counsel's Anders motion and affirm the sentence imposed by the District Court.

## I.

Soto was charged with and pled guilty to one count of illegal re-entry after deportation. The pretrial sentencing report ("PSR") stated that Soto's Guidelines range was 77 to 96 months' imprisonment, based on a total offense level of 21 and a criminal history category of VI. The PSR also noted Soto's contention that he re-entered the United States for the sole purpose of earning money to pay the medical bills for his daughter in the Dominican Republic who had developed polycystic ovary syndrome. Soto conceded that his circumstances did not rise to the level of a departure under U.S.S.G. § 5K1.3, but argued that they should be a factor weighed in determining whether a sentence outside the Guidelines range was warranted.

At the sentencing hearing, Soto reiterated his request for a variance, but neither party objected to the Guidelines calculation set forth in the PSR. The District Court did not accept Soto's assertions regarding his daughter, stating that there was an insufficient factual basis from which to draw any conclusions about the daughter's existence, her

medical condition or Soto's knowledge of those medical conditions prior to his re-entering the United States. The District Court then properly considered whether to vary from the Guidelines sentence based on the factors set forth in 18 U.S.C. § 3553. It noted that Soto had an extensive criminal history related to drug distribution and violent behavior, as well as a history of lying to authorities to avoid punishment or deportation.

The District Court sentenced Soto to 77 months, the bottom of the stipulated Guidelines sentencing range. Soto filed an appeal, and his counsel subsequently submitted a brief certifying that Soto raises no non-frivolous issues on appeal. We exercise jurisdiction to review the judgment of the District Court pursuant to 28 U.S.C. § 1291, and to review the sentence imposed pursuant to 18 U.S.C. § 3742(a).

## II.

In Anders v. California, "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal." United States v. Youla, 241 F.3d 296, 299 (3d Cir. 2001). These guidelines are reflected in our local appellate rules, which provide that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders." Third Circuit L.A.R. 109.2(a). "If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel." Id. The Rule allows a defendant to file a *pro se* brief in response. Id. Although Soto was notified of counsel's

Anders brief, he did not file a response.

In this case, Soto's appellate counsel has filed an adequate Anders brief, which demonstrates a thorough examination of the record on appeal. The brief adequately lays out the factual and procedural history of the case, and identifies only one issue which could arguably give rise to an appeal: whether Soto's sentence is reasonable. The brief satisfactorily explains that Soto's sentence is reasonable, and thus there are no appealable issues.

Our independent review of the record reveals that, as counsel has represented, there are no non-frivolous issues presented on appeal. The District Court did not err in sentencing. The Guidelines range was properly calculated, and the District Court properly exercised its discretion by considering the § 3533(a) factors and concluding that a Guidelines sentence was appropriate. See United States v. Floyd, 499 F.3d 308, 311 (3d Cir. 2007) (listing considerations to guide a district court in imposing a reasonable sentence). Accordingly, we will grant counsel's Anders motion and affirm the judgment of the District Court.