IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HECTOR SOTO, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 09-915-GMS |
| | ) | Cr. A. No. 06-140-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

Hector Soto. *Pro se* movant.

John C. Snyder, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

July 11, 2011
Wilmington, Delaware

SLEET, Chief Judge

I.   INTRODUCTION

Movant Hector Soto ("Soto") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 26; D.I. 32) The Government filed its answer in opposition. (D.I. 34) For the reasons discussed, the court will deny Soto's § 2255 motion as meritless without holding an evidentiary hearing.

II.  BACKGROUND

On December 10, 2006, Delaware State Police Officers stopped a van traveling on Interstate 95 near Wilmington, Delaware. (D.I. 34) The passengers could speak little or no English. A Special Agent with U.S. Immigration and Customs Enforcement ("ICE") was contacted by the police, and the agent spoke by telephone with the driver of the van as well as some of the passengers. The ICE agent determined that the passengers were illegal aliens en route to New Jersey and New York from Houston, Texas. *Id.*

Soto was one of the passengers in the van. He agreed to waive his *Miranda* rights and speak with an ICE agent. During that interview, Soto stated that he was born on September 28, 1969, in the Dominican Republic. He also stated that he had been removed from the United States in April 2005, and that he had last entered the United States illegally (without inspection by an immigration officer and without permission from any authorized government official) on or about November 17, 2006, near Nogales, Arizona. Soto signed a sworn statement memorializing these admissions. *Id.*

ICE records confirmed that a Hector Soto had been removed from the United States to the Dominican Republic on April 20, 2005. Fingerprint comparison also confirmed that Soto was

1

the Hector Soto described in the ICE records. ICE records further confirmed that Soto had not received permission to re-enter the United States. *Id.*

In April 2007, Soto entered a plea of guilty to one count of illegally reentering the United States after having been removed, in violation of 8 U.S.C. §§1326(a) and (b)(2). (D.I. 13) The court sentenced to Soto to a term of seventy-seven (77) months imprisonment and three (3) years of supervised release. (D.I. 19)

The Court of Appeals for the Third Circuit affirmed Soto's conviction and sentence on July 31, 2008. *United States v. Soto*, No. 07-3410, Mandate (3d Cir. 2008); *see also* (D.I. 24). Soto filed a § 2255 motion in December 2008 (D.I. 26), and an amended § 2255 motion in January 2009. (D.I. 32) The government filed a response in opposition, to which Soto filed a reply. (D.I. 34; D.I. 38)

### III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As explained below, the record conclusively demonstrates that Soto is not entitled to relief for the claims asserted in his § 2255 motion. Accordingly, the court concludes that an evidentiary hearing is not warranted.

### IV. STANDARD OF REVIEW

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1988). Consequently, a movant is

2

procedurally barred from asserting a claim in a § 2255 motion that he could have, but failed to, raise on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A movant may, however, overcome such a procedural default and obtain review of a claim's merits by demonstrating cause for, and actual prejudice resulting from, the default, or that he is actually innocent. *Id.* at 167. To establish "cause," the movant must show that some external impediment prevented counsel from raising a claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). In turn, a movant establishes "prejudice" by showing that the error resulted in the movant's actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

Conversely, an ineffective assistance of counsel claim is properly raised in a § 2255 motion rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 500 (2003). In order to prevail on an ineffective assistance of counsel claim, the movant must satisfy the two-pronged standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, the movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, the movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies the prejudice prong by demonstrating a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985). Although not insurmountable, the *Strickland* standard is highly

demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Strickland*, 466 U.S. at 689.

## V. DISCUSSION

Soto's original and amended § 2255 motions assert the following five claims: (1) defense counsel never reviewed or discussed the indictment, the memorandum of plea agreement, or the pre-sentence report with him; (2) defense counsel spent no more than a few minutes advising him about his guilty plea; (3) defense counsel assured Soto that he would be sentenced to no more than twenty-four (24) months in prison; (4) defense counsel failed to object to the court's sixteen (16) level increase in his offense level under the felony drug-trafficking enhancement in U.S.S.G. § 2L1.2(b)(1)(A); and (5) the court violated Federal Rule of Criminal Procedure 32(i)(1)(A) and (j)(1)(B) by failing to verify that Soto and his attorney read and discussed the pre-sentence report and by failing to advise Soto about his right to appeal the sentence. Soto asks that he be re-sentenced to no more than twenty-four (24) months of imprisonment.

### A. Claims One, Two, Three: Ineffective Assistance of Counsel In Relation To Guilty Plea

Summarizing claims one, two, and three, Soto contends that defense counsel rendered ineffective assistance by: (1) failing to provide him with a copy of the Rule 11 Plea Agreement and pre-sentence report; (2) only meeting with him "a few times" to discuss the plea and sentencing, and failing to provide him with a copy of the indictment, Rule 11 Plea Agreement, or pre-sentence report during those meetings; (3) failing to read and explain the Rule 11 Plea Agreement prior to his signing it; and (4) informing him that he would get no more than twenty-four (24) months imprisonment. Soto contends that his guilty plea was entered into involuntarily

4

and unintelligently, and that his change of plea hearing was "a complete miscarriage of justice" because counsel simply told him "to sign there and whenever the court asks you any question just say yes." (D.I. 32)

Addressing the prejudice prong of the *Strickland* test first, the court concludes that Soto's allegations fail to demonstrate that he was deprived of his Sixth Amendment right to effective assistance of counsel. It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In this case, the statements Soto made during the plea colloquy under oath in open court belie the self-serving allegations he asserts in this proceeding. For instance, the transcript of the April 17, 2007 plea colloquy contains Soto's clear and explicit statements that: nobody forced him to plead guilty; he was pleading guilty of his own free will because he was guilty; he understood the nature of the charges against him; and he understood that he was waiving the all the rights associated with a trial, including his right to hear and question the witnesses against him. (D.I. 34, Exh. 2) During the plea colloquy, Soto also stated that he had received and reviewed with counsel both the indictment and the written plea agreement, and that the plea agreement was read to him two days prior to the plea colloquy and then again on the day of the plea colloquy before he signed it.

Based on the foregoing, the court concludes that Soto has not provided any evidence to overcome the formidable barrier created by the aforementioned statements he made during the plea colloquy. Therefore, the court concludes that Soto's allegations regarding counsel's alleged failure to review and discuss the plea agreement and indictment do no warrant relief.

Soto's complaint that counsel incorrectly assured him he would receive a twenty-four (24) month sentence also fails to warrant habeas relief. The Third Circuit Court of Appeals has consistently held that a defense attorney's erroneous sentencing prediction in the guilty plea context does not constitute ineffective assistance so long as the written plea agreement and the plea colloquy clearly establish the maximum potential sentencing exposure and the sentencing court's discretion. *See United States v. Shedrick*, 493 F.3d 292, 299-300 (3d Cir. 2007); *United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003); *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001). In this case, the written plea agreement accurately stated the maximum penalties for Soto's offense as twenty (20) years imprisonment and/or a fine of $250,000. (D.I. 13) The court conducted a thorough sentencing colloquy, during which it advised Soto of the maximum penalties for his offense and explained its broad discretion in sentencing. The court verified that Soto understood the court was not bound by the sentencing guidelines and could impose a sentence more or less severe than what Soto anticipated. Soto acknowledged that he had reviewed the plea agreement with counsel and that he "agreed" with it. Finally, the court confirmed that Soto did not have any other understanding concerning sentencing other than what was in the written plea agreement, and emphasized that the court could reject any sentencing agreement set forth in the written plea agreement. This record belies Soto's assertion that he believed he would receive no more than the twenty-four (24) month sentence allegedly promised by counsel. Thus, the court will deny Soto's allegation that counsel's inaccurate sentencing prediction constituted ineffective assistance because Soto has failed to demonstrate prejudice under *Strickland*.

## B. Claim Four: Ineffective Assistance at Sentencing

Soto also contends that defense counsel provided ineffective assistance at sentencing by failing to object to the sixteen (16) level enhancement in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1). According to Soto, counsel did not have any prior experience in immigration law and failed to understand that "the Supreme Court has determined that a state felony possession offense is not a federal felony." Thus, Soto contends that counsel was not aware that the sixteen (16) level enhancement under U.S.S.G. § 2L1.2(b)(1) was inappropriate, and that his sentence could only be enhanced eight (8) levels under U.S.S.G.§ 2L1.2(b)(1) because his prior offense was an aggravated felony.

Soto's argument lacks merit. In October, 2002, Soto was sentenced to two (2) years of incarceration for manufacturing/distributing/dispensing a controlled substance within 1000 feet of a school. (D.I. 36) Although U.S.S.G § 2L1.2(b)(1)(C) provides for an eight (8) level enhancement for a prior conviction for an aggravated felony, the court did not enhance Soto's offense level under this section. Rather, the court enhanced Soto's offense level under U.S.S.G 2L1.2(b)(1)(A), which provides for a sixteen (16) level enhancement for, among other things, being previously deported after "a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months." (D.I. 36) Application Note 1(B)(iv) to the sentencing guideline defines "drug trafficking offense" as a offense under federal, state, or local law "that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance." See U.S.S.G. § 2L1.2, Application Note 1(B)(iv). Soto does not challenge the validity of his 2002 conviction and sentence, and clearly, the 2002 offense qualifies as a drug trafficking offense under the definition contained in Application Note 1(B)(iv) to

7

U.S.S.G. § 2L1.2. *See* (D.I. 36) Whether that offense was also an aggravated felony has no relevance under U.S.S.G. § 2L1.2(b)(1)(A), which actually does not refer at all to aggravated felonies.

Because Soto's argument regarding the sixteen (16) level enhancement lacks merit, Soto cannot demonstrate that counsel's failure to object to the enhancement fell below an objective level of professional reasonableness or that counsel's action caused prejudice. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Accordingly, the court will deny claim four as meritless.

### C. Claim Five: The Court Violated Federal Rule of Criminal Procedure 32

In his final claim, Soto contends that the court violated Federal Rule of Criminal Procedure 32 by failing to verify that he and his counsel read and discussed the presentence report, and by failing to advise him of his right to appeal the sentence. These arguments are procedurally defaulted because Soto could have, but did not, raise them in his direct appeal to the Third Circuit.

Soto attempts to establish cause by asserting that defense counsel failed to file a direct appeal as he requested. (D.I. 38) However, as explained by the Third Circuit Court of Appeals, Soto filed a timely notice of appeal, after which defense counsel filed a motion to withdraw accompanied by a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). Counsel's *Anders* brief identified only one issue which could arguably give rise to an appeal, namely, whether the sentence was reasonable. *Soto*, No. 07-3410, Opinion at 4. After explaining that Soto's sentence was reasonable, counsel's *Anders* brief determined that there were no non-frivolous issues for appeal. *Id.* at 2-4. Notably, although Soto was notified of counsel's *Ander's* brief and motion to

withdraw, he failed to file a *pro se* brief raising any issues on appeal. *Id.* Therefore, Soto's attempt to establish cause is unavailing.

In the absence of cause, the court will not address the issue of prejudice. In addition, Soto does not assert his "actual innocence." Consequently, the court will deny claim five as procedurally barred.[1]

## VI. PENDING MOTION

During the pendency of this proceeding, Soto filed a motion for permission to proceed *in forma pauperis* on appeal. (D.I. 43) While not entirely clear, it appears that this motion was filed with respect to a petition for writ of mandamus Soto recently filed in the Third Circuit. *See In re: Hector Soto*, Civ. Act. No. 11-1876. Soto, however, also filed a motion for permission to proceed *in forma pauperis* in his mandamus proceeding, and the Third Circuit granted that motion on May 9, 2011. *Id.* Therefore, to the extent the instant motion relates to the mandamus action pending before the Third Circuit Court of Appeals, the court will deny it as moot.

To the extent Soto filed the instant motion to proceed *in forma pauperis* on appeal with respect to any future appeal of this case, the court will deny it as premature. If Soto does decide to appeal this decision, he can file a request to proceed *in forma pauperis* at that juncture.

---

[1] Alternatively, if claim five was not procedurally barred, the court would deny it as meritless. The sentencing transcript demonstrates that the court asked Soto if he had been given the opportunity to read the revised PSR and discuss it with counsel, and that Soto responded affirmatively. (D.I. 34 at Exh. 3) The court then asked Soto if he had any objections to the PSR, to which Soto responded that "everything is fine." The court also advised Soto that he had "the right to appeal this sentence within ten days. You should discuss this matter with [defense counsel]. If you cannot afford the costs of an appeal, you should apply for leave to file that appeal without paying those costs." *Id.* at 33. Considering that Soto subsequently appealed his sentence, he cannot claim that the court inadequately informed him of his appellate rights or that he suffered prejudice as a result.

9

## VII. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court has concluded that it must deny Soto's § 2255 motion. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appeal ability.

## VIII. CONCLUSION

The court concludes that Soto is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| HECTOR SOTO, | ) | |
|---|---|---|
| Movant/Defendant, | ) | |
| v. | ) | Civ. A. No. 09-915-GMS |
| | ) | Cr. A. No. 06-140-GMS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Movant Hector Soto's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. (D.I. 26; D.I. 32)

2. Soto's motion to proceed *in forma pauperis* on appeal is **DENIED** as moot, or alternatively, as premature.

3. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

4. The clerk of the court is directed to close the case.

July 11, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE